UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
JOHN KAISER,

                 Petitioner,

        -against-                   **MEMORANDUM OF
DECISION AND ORDER**
12-CV-4415 (ADS)

UNITED STATES OF AMERICA,

                 Respondent.
----------------------------------------------------------X

**APPEARANCES:**

**John Kaiser, Pro Se**
72279-053
Federal Correctional Institution – Fort Dix
PO Box 2000
Fort Dix, New Jersey 08640

**United States Attorney for the Eastern District of New York**
*Attorneys for the Respondent*
610 Federal Plaza
Central Islip, NY 11722
   By: Allen Bode, Assistant United States Attorney

**SPATT, District Judge.**

On August 31, 2012, the Petitioner John Kaiser (the "Petitioner"), pro se, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. The Petitioner, who is presently incarcerated, does not challenge his prison sentence, but rather seeks to receive jail credit for time served on home detention with electronic monitoring. In this regard, the Petitioner argues that the Federal Bureau of Prisons (the "BOP") has wrongly refused to grant him credit for the approximately 884 days that he was under home confinement in connection with his bail conditions.

For the reasons that follow, the petition is denied

# I. BACKGROUND

On March 25, 2009, the Petitioner was arrested and charged with violating 18 U.S.C. §2252(a)(2), Receipt of Child Pornography, a Class C Felony. On that same date, March 25, 2009, the Petitioner appeared with CJA-appointed counsel before United States Magistrate Judge A. Kathleen Tomlinson, at which time he was arraigned. The Petitioner was released on a $400,000 secured bond with special conditions, which included home detention with electronic monitoring. Under his home detention, the Petitioner was allowed to leave his residence for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; and other activities pre-approved by the United States Pretrial Services Agency.

On April 23, 2009, the Government filed an eight-count Indictment, charging the Petitioner with receiving child pornography and being in possession of child pornography in violation of 18 U.S.C. §§ 2252(a)(2), 2252(a)(4)(B), 2252(b)(1) and 3352 et seq. Subsequently, on April 30, 2009, the Petitioner was arraigned on the Indictment and entered a plea of not guilty.

On February 16, 2010, with the Government's consent, the Petitioner, through his counsel, sought modification of his bail conditions. Specifically, the Petitioner requested that his bail conditions be modified to allow for a night-time curfew of 11:00 p.m., so as to permit the Defendant to work overtime and to attend medical appointments with his wife. The Court granted the Petitioner's request on February 17, 2010.

On June 14, 2010, the Plaintiff pled guilty before the Court to Count One of the Indictment. Count One charged that on August 8, 2005, the Defendant received child pornography in violation of 18 U.S.C. § 2252(a).

On September 9, 2011, the Plaintiff was sentenced in connection with his guilty plea on Count One. In this regard, the Court sentenced the Defendant to seventy-two months. The Court directed that the Plaintiff was to receive credit for time already served, if any, to be followed by five years of supervised release. In addition, upon the Government's motion, the Court dismissed the remaining seven counts in the Indictment. The Petitioner was remanded to the custody of the United States Marshal.

At the time of his sentencing, the Petitioner had allegedly spent approximately 884 days, or almost two and a half years, under home detention with electronic monitoring as a result of his bail conditions stemming from his original arraignment on March 25, 2009. According to the Petitioner, he should have received jail credit toward his seventy-two month sentence for the time he spent in home confinement prior to his sentencing. However, the BOP will not grant him this credit.

Further, the Petitioner claims that he has attempted to exhaust his administrative remedies to challenge the BOP's determination, but that he had only completed three of the four steps involved in the administrative remedy process at the time he filed his petition. In this regard, on August 29, 2012, the Petitioner alleges he filed an appeal to the BOP Central Office in Washington, DC (the "Central Office") challenging the Regional Office's decision to deny him jail credit. As of November 27, 2012, the Petitioner was still waiting for a final determination from the Central Office on his appeal.

## DISCUSSION

### A. Legal Standard Under 28 U.S.C. § 2255

Relief is available under 28 U.S.C. § 2255 "only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a fundamental defect which inherently results in a complete miscarriage of justice." Cuoco v. United States, 208 F.3d 37, 30 (2d Cir. 2000) (internal quotations and citations marks omitted). The Court's discretion to grant such relief is to be exercised sparingly, for such applications "are in 'tension with society's strong interest in the finality of criminal convictions.'" Elize v. United States, No. 02-CV-1350 (NGG), 2008 WL 4425286, at *5 (E.D.N.Y. Sept.30, 2008) (NGG) (internal citations omitted); see also Brecht v. Abrahamson, 507 U.S. 619, 633–34, 113 S. Ct. 1710, 123 L. Ed. 2d 353 (1993) ("the writ of habeas corpus has historically been regarded as an extraordinary remedy, a bulwark against convictions that violate fundamental fairness," and "[t]hose few who are ultimately successful [in obtaining habeas relief] are persons whom society has grievously wronged and for whom belated liberation is little enough compensation") (internal quotations and citations omitted).

### B. As to the Petition

In this case, the Petitioner seeks habeas corpus relief from this Court in the form of an order either (1) directing the BOP to grant the Petitioner 884 days of jail credit toward his seventy-two month sentence or (2) reducing his sentence to forty-two months, thereby reflecting the approximately thirty months he served on home detention with electronic monitoring. In support of his position, the Petitioner contends, among other arguments, that the execution of his sentence has (1) violated his right to due process under the Fifth Amendment to the United States Constitution; (2) violated his right to effective assistance of counsel under the Sixth Amendment

to the United States Constitution; and (3) violated his right to equal protection under the Fourteenth Amendment to the United States Constitution.

However, the Court finds the Petitioner's arguments to be unavailing. "[T]he date from which a defendant's time is measured to begin the defendant's sentence is a matter committed to the Bureau of Prisons." United States v. Masso, 935 F. Supp. 2d 739, 740 (S.D.N.Y. 2013) (citing United States v. Whaley, 148 F.3d 205, 207–07 (2d Cir.1998)); see also United States v. Savoy, 199 F.3d 1324, 1324 (2d Cir. 1999) ("District courts lack authority to downwardly depart on the basis of a defendant's pretrial home detention: 'Credit for prior custody . . . is granted by the Attorney General through the Bureau of Prisons after a defendant is sentenced, not by a district court at the time of sentencing.'") (quoting United States v. Keller, 58 F.3d 884, 894 (2d Cir. 1995)). Accordingly, "[the Petitioner] 'must first exhaust his administrative remedies before seeking judicial relief'" with respect to his application for jail credit for his pretrial home confinement. Savoy, 199 F.3d at 1324 (quoting Keller, 58 F.3d at 894). The Petitioner has failed to do so, as he admits that he brought this petition prior to receiving any determination on his appeal from the Central Office.

Moreover, "time spent in home confinement is generally not considered to be time in prison for which the defendant is afforded credit." Masso, 935 F. Supp. 2d at 740 (citing United States v. Edwards, 960 F.2d 278, 283 (2d Cir. 1992), rev'd on other grounds by United States v. Wilson, 503 U.S. 329, 112 S. Ct. 1351, 117 L. Ed. 2d 593 (1992)); see also Paul v. United States, 938 F. Supp. 2d 405, 409 (E.D.N.Y. 2013) ("This court rejects . . . that [the petitioner] was entitled to credit for time served while he was on pretrial release. . . . [A]ny such argument is not only without merit, but frivolous."). Indeed, "[d]espite the restrictive conditions associated with home confinement and electronic monitoring, home confinement does not

qualify as 'official detention' within the meaning of [the Bail Reform Act, 18 U.S.C.] § 3585(b)." Lewis v. United States, 10-CV-00718 ENV, 2012 WL 2394810, at *2 (E.D.N.Y. June 25, 2012) (citing United States v. Edwards, 960 F.2d 278, 283 (2d Cir. 1992)). In addition, despite the Petitioner's arguments to the contrary in his petition and reply papers, "there is no constitutional requirement that [the Petitioner] had to be notified that home confinement would not be credited against a subsequent sentence . . . [J]udicial officers setting bail are not required to give notice that pretrial home detention will not be credited against a subsequently imposed sentence[.]" Cucciniello v. Keller, 137 F.3d 721, 725 (2d Cir. 1998).

For these reasons, the Court finds the Petitioner's § 2255 habeas petition is without merit and it is dismissed in its entirety.

### III. CONCLUSION

The Petitioner's § 2255 habeas petition is dismissed in its entirety, and the Clerk of the Court is instructed to close this case.

**SO ORDERED.**
Dated: Central Islip, New York
April 7, 2014

                                                                                        _/s/ Arthur D. Spatt_
                                                                                         ARTHUR D. SPATT
                                                                       United States District Judge